## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Laurie L. Duraney<br>209 Cherry Street<br>Pittsburgh, PA 15209 | CIVIL ACTION<br><br>Docket No.: 2:07-CV-00013 |

vs.

Washington Mutual Bank, F.A.,
Shapiro & Kreisman, LLC,
Kevin Diskin, Esq.,
Megan D. H. Smith, Esq.,
Lindsey Hensen

### ANSWERS TO PLAINTIFF'S DISCOVERY REQUESTS

AND NOW, come Defendants, Shapiro & Kreisman, LLC, Kevin Diskin, Esq., Megan D. H. Smith, Esq., and Lindsey Hensen, by and through their attorneys, Weinheimer, Schadel & Haber, P.C. and files the within Answers to Plaintiff's Discovery Requests to Kevin Diskin as follows:

### GENERAL OBJECTIONS

1. It appears that the questions contained in Plaintiff's interrogatories are identical to all of the Shapiro & Kreisman parties but have been intentionally rearranged so as to increase the burden on these Defendants and require separate time and effort to answer them. As such, the Defendants have simply answered the Interrogatories to Mr. Diskin, rather than 200 interrogatories to the Shapiro Parties.

2. Defendants object to the "definitions" and "instructions" contained in the Interrogatories to the extent that they are inconsistent with and/or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

3. Defendants object to each Interrogatory to the extent that it seeks documents or information protected from discovery by the attorney/client privilege and/or the attorney work product doctrine. The inadvertent production of any documents or information shall neither constitute a waiver of any privilege nor a waiver of any rights Defendants may have to object to the use of any documents or information in any subsequent proceedings or at trial. Defendants reserve the right to redact such privileged information, communications and/or work product from any materials produced.

4. Defendants object to these Interrogatories to the extent they are overly broad, annoying and harassing in that they seek the production of information which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendants object to these Interrogatories to the extent they are vague and ambiguous in that the manner in which specific interrogatories are phrased creates confusion or mischaracterization given the issues involved in this action.

6. Defendants object to these Interrogatories to the extent that they are unduly burdensome and oppressive in that compliance with specific requests would be unreasonably difficult and/or prohibitively expensive.

7. These Defendants object to these interrogatories based on relevancy, as the Plaintiff seeks information which has already been litigated and lost by her in state court. As a result, the discovery is not reasonably calculated to lead to the discovery of admissible evidence.

8. These Defendants object to the interrogatories pursuant to the attorney client privilege or work product doctrine.

9. These defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material).

10. Defendants further object as the interrogatories, as written, are generally unintelligible. To the extent possible, they have been answered as these defendants understand them.

11. Each of the general objections set forth above are incorporated into each of Defendants specific responses below as though fully set forth at length therein.

## ANSWERS TO PLAINTIFF'S DISCOVERY REQUESTS

1. Defendants answered these interrogatories with the assistance of counsel.

2. To the best of these Defendants' knowledge, Amy Weis is an employee of Washington Mutual. Defendants are not aware of her exact job title, although it is assumed that this will be provided by Washington Mutual.

3. This interrogatory, as written, is unintelligible. As these Defendants understand the interrogatory, these Defendants object to this interrogatory based both on the

fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer. Additionally, this interrogatory is entirely irrelevant. As the Plaintiff is aware, Judge DellaVecchia has already determined that the amounts requested were appropriate. If the Plaintiff felt that the amounts were incorrect or subject to dispute, she could easily have served discovery in the underlying case. She failed to timely do so.

4. Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer. Additionally, this interrogatory is entirely irrelevant. As the Plaintiff is aware, Judge DellaVecchia has already determined that the amounts requested were appropriate. If the Plaintiff felt that the amounts were incorrect or subject to dispute, she could easily have served discovery in the underlying case. She failed to timely do so.

5. Defendants object to interrogatory 5 as it is unintelligible in its current form. As these Defendants understand the question, they did not hold an interest in the mortgage per se. They acted as counsel to Washington Mutual.

6. Defendants object to interrogatory 6 as it is unintelligible in its current form. As these Defendants understand the question, they did not hold an interest in the mortgage. They acted as counsel to Washington Mutual.

7. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). Additionally, the communications between these Defendants and their client are protected by the attorney client privilege or work product doctrine. Subject to and without waiving this objection, see paragraphs 18 and 21 of the mortgage.

8. Defendants object to interrogatory 8 in its current form as it is unintelligible. Also, Defendants object to the extent that the Plaintiff seeks hypothetical answers that require opinion testimony and is irrelevant. The action was authorized by law as evidenced by Judge Della Vecchia's ruling in the underlying case.

9. These Defendants are not aware of the ownership of the office in question, although they do not hold an ownership interest in it.

10. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine.

Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). Subject to and without waiving these objections, these Defendants do not know who mailed them.

11. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). Why a party did or did not sign verification is irrelevant to the Plaintiff's claims. The communications between these Defendants and their client are protected by the attorney client privilege or work product doctrine. To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer. Furthermore, a client verification was subsequently substituted.

12. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). Why a party did or did not sign verification is irrelevant to the Plaintiff's claims. The communications between these Defendants and their client are protected by the attorney client privilege or work product doctrine. To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to

answer. Additionally, the verification is a document which speaks for itself and does not state or infer that the complaint was read into the phone.

13. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). Defendants also object as this request is irrelevant given Judge Della Vecchia's ruling in this matter. Subject to and without waiving these objections, as determined by Judge Della Vecchia, the notices were properly sent.

14. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). The communications between these Defendants and their client are protected by the attorney client privilege or work product doctrine. To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer.

15. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks

information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). The communications between these Defendants and their client are protected by the attorney client privilege or work product doctrine. To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer. Furthermore, as the Plaintiff is aware, Judge Della Vecchia determined that Plaintiff's defenses were meritless.

16. See response to interrogatory 15.

17. See response to interrogatory 15.

18. See response to interrogatory 15. Furthermore, the letter is a document which speaks for itself.

19. See response to interrogatory 15. Furthermore, this Defendant did not send the letter in question.

20. See response to interrogatory 15. Furthermore, this Defendant did not send the letter in question.

21. Defendants object to this interrogatory as, to the extent it is directed to these Defendants, it is irrelevant, as well as being irrelevant pursuant to the holding of Judge Della Vecchia. Shapiro and Kreisman did not mail out the consumer counseling notices as Washington Mutual already had. Subject to and without waiving this objection, Shapiro and Kreisman are not aware of a time when they were responsible for mailing the subject notices and did not do so.

22. See response 22. Defendant also objects given the burden of searching all of its files to determine whether anyone has lodged such a complaint. Subject to and

without waiving these objections, with the exception of this case, Shapiro and Kreisman is not aware of another incident.

23. See response 22.

24. At this time, the Defendants cannot recall a time when they attempted to contact her by phone.

25. These Defendants did not send the notice in question.

26. These Defendants were not a party the identified conversation and therefore cannot identify the person.

27. These Defendants are not aware of the persons' names or identities.

28. Reference is made to the letter in question which is a document which speaks for itself. It should be noted that Attorney Diskin spoke to Mr. Askin on January 19, 2006, and informed Mr. Askin of the amount required for reinstatement, $4,186.54. Despite this conversation, on January 20th Ms. Duraney made out money orders in an amount that was insufficient to meet the amount relayed on January 19, the day prior.

29. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer.

30. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). Defendants further object as they are unclear why Plaintiff references multiple law firms. To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer.

31. Defendants object to the extent that the Plaintiff seeks hypothetical answers that require opinion testimony and is irrelevant. Subject to and without waiving this objection, reference is made to the letter in question which is a document which speaks for itself. The letter makes it clear that any amount sent must be verified and may change. Furthermore, the letter makes it clear that fees are due and owing pursuant to the mortgage which Ms. Duraney entered into.

32. Defendants object to the extent that the Plaintiff seeks hypothetical answers that require opinion testimony and is irrelevant. Subject to and without waiving these objections, this interrogatory references a document which speaks for itself.

33. The Defendants are not aware of what each and every "non-numeric letter abbreviation, word, acronym or symbol represents and how it relates to the Defendant's claim that Duraney is in arrears." Furthermore, such discovery is entirely irrelevant at this point, as Judge DellaVecchia has determined that Ms. Duraney was in arrears and did owe monies.

34. This interrogatory, as written, is unintelligible. As these Defendants understand the interrogatory, these Defendants object to this interrogatory based both on on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). Additionally, the contentions contained in the Reply are not the contentions of these Defendants, but are instead the contentions of WAMU, who hired these Defendants as counsel. As the Plaintiff is aware, Judge DellaVecchia determined that she was sent and received the notices, regardless of whether it is contended that "WAMU did not have to give a list of Consumer Credit Counseling Agencies…"

35. These Defendants do not represent WAMU in this lawsuit. As the Plaintiff is aware, Judge DellaVecchia determined that she was sent and received the notices.

36. The contentions contained in the Reply are not the contentions of these Defendants, but are instead the contentions of WAMU, who hired these Defendants as counsel. These Defendants are not aware of whether WAMU is authorized to act on an application for Homeowner's Emergency Mortgage Assistance. However, whether or not WAMU is such an authorized entity is irrelevant, as the proper notices were sent and such a determination was made by Judge DellaVecchia.

37. See answers to interrogatory 36. These Defendants are not aware if WAMU is such an authorized agency. Furthermore, these Defendants are not aware of why WAMU did or did not take action in September.

38. These Defendants did not send the notices and therefore cannot state with specificity where they were attached. However, it has been judicially determined they were attached.

39. As written, this interrogatory is unintelligible.

40. These Defendants object because the amount to send the notices is irrelevant, as Judge DellaVecchia has already determined that they were, in fact, sent. Subject to and without waiving this objection, WAMU is the proper party to respond to this request.

41. See response 40. These Defendants did not send the notices. Rather, WAMU sent the notices.

42. This interrogatory, as written, is unintelligible. As these Defendants understand the interrogatory, these Defendants object to this interrogatory based both on on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer. Furthermore, this interrogatory is entirely irrelevant. As the Plaintiff is aware, Judge DellaVecchia has already determined that the amounts requested were appropriate. If the Plaintiff felt that the amounts

incorrect or subject to dispute, she could easily have served discovery in the underlying case. She failed to timely do so.

43. This interrogatory, as written, is unintelligible. As these Defendants understand the interrogatory, these Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer. Furthermore, this interrogatory is entirely irrelevant. As the Plaintiff is aware, Judge DellaVecchia has already determined that the amounts requested were appropriate. If the Plaintiff felt that the amounts were incorrect or subject to dispute, she could easily have served discovery in the underlying case. She failed to timely do so.

44. This interrogatory, as written, is unintelligible. As these Defendants understand the interrogatory, these Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer. Furthermore, this interrogatory is entirely irrelevant. As the Plaintiff is aware, Judge DellaVecchia has already determined that the

amounts requested were appropriate. If the Plaintiff felt that the amounts were incorrect or subject to dispute, she could easily have served discovery in the underlying case. She failed to timely do so.

45. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer. Furthermore, this interrogatory is entirely irrelevant. As the Plaintiff is aware, Judge DellaVecchia has already determined that the amounts requested were appropriate. If the Plaintiff felt that the allegations were incorrect, she could easily have served discovery in the underlying case. She failed to timely do so. Furthermore, it would be novel to suggest that defending against the Plaintiff's first meritless complaint could somehow be transformed into the collection of a debt. Finally, the letter in question is a document which speaks for itself.

46. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). To the extent that Washington Mutual wishes to waive these privileges, they are

obviously free to answer. Furthermore, this interrogatory is entirely irrelevant. As the Plaintiff is aware, Judge DellaVecchia has already determined that the amounts requested were appropriate. If the Plaintiff felt that the allegations were incorrect, she could easily have served discovery in the underlying case. She failed to timely do so. Furthermore, it would be novel to suggest that defending against the Plaintiff's first meritless complaint could somehow be transformed into the collection of a debt. Also, the letter in question is a document which speaks for itself. By way of further answer, there is, obviously, a difference between automatically withdrawing money, and withdrawing money.

47. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer. These Defendants, via the Complaint, sought to collect the remaining principle pursuant to the clear language of the mortgage.

48. These Defendants are not aware of who "Check Printers" are and have no legal or financial relationship with them.

49. These Defendants object to this interrogatory based both on the fact that the discovery is not reasonably calculated to lead to the discovery of admissible evidence, as well as the attorney client privilege or work product doctrine. Furthermore, these defendants object to the discovery as Plaintiff seeks

information not discoverable pursuant to Rule 26(b)(3)(trial preparation material). To the extent that Washington Mutual wishes to waive these privileges, they are obviously free to answer. Furthermore, this interrogatory is irrelevant. Any information reported regarding Ms. Duraney was the result of her failure to pay her mortgage in a timely manner. As evidence by her Chapter 13 bankruptcy filings, she is substantially in arrears.

50. See response to No. 49 above.

Respectfully submitted,

WEINHEIMER, SCHADEL & HABER, P.C.

*/s/ James R. Schadel*
James R. Schadel
Pa. Atty. I.D. # 27937

Gregory J. Norton
Pa. Atty. I.D. #200563

602 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA  15219-1503
412-765-3399

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within Answers to Plaintiff's Discovery has been served upon the following by First Class United States Mail, postage pre-paid, or hand delivery on October 9, 2007:

> William F. Askin, Esquire
> 1047 McKinney Lane
> Pittsburgh, PA 15220
>
> Gary Hunt, Esquire
> Tucker Arensberg
> 1500 One PPg Place
> Pittsburgh PA 15222

WEINHEIMER, SCHADEL & HABER, PC

_____
James R. Schadel
Gregory J. Norton

602 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219-1503
412-765-3399